## De BARD v. SMITH.

1 S exchanged with D, a sulky for a wagon, agreeing that he would put it in good repair, and accordingly instructed a carriage maker to make certain repairs, amounting to $19 50, for which he paid. D, to whom the carriage maker was indebted, directed other repairs to be made, amounting to $13, which were necessary to put the sulky in the condition in which S stipulated it should be; this sum S refuses to pay. *Held*, that in cases in which the amount in controversy is so small, the court looks rather to its equity and justice, than the strict rules ordinarily applied at law: that S was not liable to the carriage maker for the $13, but D was liable in virtue of his contract; that as the carriage maker was indebted to D, he might retain it from his indebtedness, and D recover it of S.

Error to the County Court of Lowndes.

A. GILCHRIST, for the plaintiff in error.

N. COOK, for the defendant.

COLLIER, C. J.—The facts of this case, as stated in a bill of exceptions, are substantially these : The defendant exchanged with the plaintiff, a sulky for a buggy, agreeing that he would put the sulky in good repair. At the time of the exchange, the sulky was at a carriage makers, to be repaired, and the defendant gave instructions as to the repairs he desired—amounting to $19 50, which sum he paid to the car-

riage maker. The plaintiff directed other repairs to be made, which cost $13, and were only necessary to put the sulky in the condition in which the defendant stipulated it should be. This latter sum the defendant refused to pay, and the carriage maker holds the plaintiff responsible for it, and is in fact indebted to the plaintiff in a large sum. The case was removed by appeal from the justice of the peace to the County Court, where a judgment was rendered for the defendant.

In a case of this character, the court looks rather to its equity and justice, than the strict rules which are ordinarily applied at law. The defendant's contract obliged him to have the sulky put in good repair, and he became liable for a breach, if he refused to do this. That he did refuse to expend more than $19 50, which was insufficient to make the repairs agreed, and the sulky was only in the condition contemplated by the parties, after the additional expenditure of the $13, is apparent from the proof.

The defendant was not liable to the carriage maker for the payment of this latter sum; he refused to employ him to make any other repairs than those he had directed. But the plaintiff was responsible to the carriage maker in virtue of his contract with him, and the latter might have retained it from his indebtedness to the former. We cannot doubt that the proof entitled the plaintiff to recover. The judgment of the County Court is consequently reversed and the cause remanded.